IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN AND WESTERN DIVISIONS

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC, <br> *Plaintiff,* <br> v. <br> 2.62 ACRES, MORE OR LESS, IN HALIFAX COUNTY, NORTH CAROLINA *et al.*, <br> *Defendants.* | No. 4:18-CV-33-BO |
| ATLANTIC COAST PIPELINE, LLC, <br> *Plaintiff,* <br> v. <br> 0.78 ACRES, MORE OR LESS, IN HALIFAX COUNTY, NORTH CAROLINA *et al.*, <br> *Defendants.* | No. 4:18-CV-87-BO |
| ATLANTIC COAST PIPELINE, LLC, <br> *Plaintiff,* <br> v. <br> 1.51 ACRES, MORE OR LESS, IN CUMBERLAND COUNTY, NORTH CAROLINA *et al.*, <br> *Defendants.* | No. 5:18-CV-127-BO |
| ATLANTIC COAST PIPELINE, LLC, <br> *Plaintiff,* <br> v. <br> 3.92 ACRES, MORE OR LESS, IN JOHNSTON COUNTY, NORTH CAROLINA *et al.*, <br> *Defendants.* | No. 5:18-CV-258-BO |
| ATLANTIC COAST PIPELINE, LLC, <br> *Plaintiff,* <br> v. <br> 3.83 ACRES, MORE OR LESS, IN CUMBERLAND COUNTY, NORTH CAROLINA *et al.*, <br> *Defendants.* | No. 5:18-CV-261-BO |

| ATLANTIC COAST PIPELINE, LLC, | ) | |
| --- | --- | --- |
| *Plaintiff,* | ) | |
| v. | ) | No. 5:18-CV-387-BO |
| | ) | |
| 1.705 ACRES, MORE OR LESS, IN JOHNSTON COUNTY, NORTH CAROLINA *et al.*, | ) ) ) | |
| *Defendants.* | ) | |

| ATLANTIC COAST PIPELINE, LLC, | ) | |
| --- | --- | --- |
| *Plaintiff,* | ) | |
| v. | ) | No. 5:18-CV-427-BO |
| | ) | |
| 2.877 ACRES, MORE OR LESS, IN JOHNSTON COUNTY, NORTH CAROLINA *et al.*, | ) ) ) | |
| *Defendants.* | ) | |

## ORDER

These matters are before the Court on plaintiff's motions for partial summary judgment. Defendants have failed to respond to the motions for partial summary judgment and the time for doing so has expired. For the reasons that follow, the motions for partial summary judgment is GRANTED.

## BACKGROUND

Plaintiff, Atlantic Coast Pipeline (ACP), initiated a number of cases in this Court by filing a complaint in condemnation pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1. Currently, thirty-one condemnation actions filed by ACP are pending before the undersigned. In each complaint, ACP seeks an order allowing the taking of certain interests in real property, immediate entry and possession of real property, and the ascertainment and award of just compensation to the owners of interest in the subject real property pursuant to its power of eminent domain as authorized by Section 7(h) of the National Gas Act. On September 18, 2015, ACP filed an application for a certificate of public convenience and necessity with the Federal Energy Regulatory Commission (FERC) seeking permission to construct an approximately 600-mile

2

pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina. ACP contends that the natural gas transported through its pipeline will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Virginia and North Carolina.

FERC issued ACP a certificate of public convenience and necessity on October 13, 2017, authorizing ACP to construct the pipeline. *See generally* [DE 1-3]. In order to construct the pipeline, ACP must acquire both temporary and permanent, exclusive easements on the subject properties along the FERC-approved pipeline route. ACP contends that the easements are necessary to construct, maintain, operate, alter, test, replace, and repair the pipeline. ACP further seeks to acquire the right of ingress and egress to, from, and through the easements. Landowners on whose property the pipeline is placed will retain the right to use and enjoy the property in any way that does not interfere with ACP's rights under the easement.

With the filing of each complaint, ACP filed a notice of filing of complaint in condemnation pursuant to Fed. R. Civ. P. 71.1(d), which provides notice to landowners of their rights to answer the complaint and present any defense and to appear in the action. *See generally* [DE 1-7]. The notice further provides that failure to serve an answer within twenty-one days of service constitutes consent to the taking and the Court's authority to proceed and fix compensation.

These matters were stayed for a period of time after landowners in several cases requested a stay, but the stay has expired or been lifted in each of the pending ACP cases.

### *ACP v. 2.62 acres, more or less, in Halifax County, et al., No. 4:18-CV-33-BO*

Four known landwoner defendants remain in this action, Charles Alston, David Alston, Gary Alston, and Nancy Foster, along with the unknown heirs of Dolores Virgil and the unknown

3

heirs of Buck Alston. No defendant has appeared, or responded to the instant motion, and clerk's default was entered the remaining defendants on August 2, 2019. [DE 26].

*ACP v. 0.78 acres, more or less, in Halifax County, et al., No. 4:18-CV-87-BO*

Two known landowner defendants remain in this action, Chris Bryant Hill and Clintest Bryant, along with the unknown heirs of Claudia Bryant-Brezell, the unknown heirs of June Merrell Bryant, and the unknown heirs of William T. Bryant. No defendant has appeared, and clerk's default was entered against the remaining defendants on August 2, 2019. [DE 25].

*ACP v. 1.51 acres, more or less, in Cumberland County, et al., No. 5:18-CV-127*

The landowner defendants, Philip Haigh, III and James C. McRae, Jr., have appeared in this action through counsel and answered the complaint. [DE 11]. In their answer, Haigh and McRae assert that they are the record owners of the subject property and admit paragraph two of the complaint, which alleges that:

> (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owner as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owner exceeds $3,000.

[DE 1 ¶ 2; DE 11 ¶ 2]. Haigh and McRae further admit that ACP seeks to take by eminent domain the easements over the subject property, but object as to the extent of the taking and the compensation offered. [DE 11 ¶ 24]. Haigh and McRae failed to respond to the motion for partial summary judgment.

*ACP v. 3.92 acres, more or less, in Johnston County, et al., No. 5:18-CV-258*

The landowner defendant, Larry E. Cox, has appeared in this action through counsel and answered the complaint. [DE 7]. In his answer, Cox asserts that he is the sole owner of the subject property and admits paragraph two of the complaint, which alleges that:

> (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owner as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owner exceeds $3,000.

[DE 1 ¶ 2; DE 7 ¶ 2]. Cox failed to respond to the motion for partial summary judgment.

*ACP v. 3.83 acres, more or less, in Cumberland County, et al., No. 5:18-CV-261-BO*

The following landowner defendants remain in this action: Andrew David Horne, Ronald Wayne Ruple, Nancy Smith, Jason Person, the unknown heirs of John C. Horne, the unknown heirs of Beulah Averitte, the unknown heirs of Miranda Jane Autry, the unknown heirs of Ralph McNeil Hall, the unknown heirs of Harvey Hall, the unknown heirs of Sarah Elizabeth Bullard, the unknown heirs of Margaret Ann Culbreth a/k/a Anne Culbreth, the unknown heirs of James S. Hall, the unknown heirs of Laura Tama Sama Lockamy, John David Hayworth, Sr., Virginia Hoover, Philip Hayworth, John David Hayworth, Jr., Virginia K. Hall as co-trustee of the Robert and Virginia Hall Living Trust dated November 13, 2012, Kermit K. Hall as co-trustee of the Robert and Virginia Hall Living Trust Dated November 13, 2012, the unknown heirs of Mamie Davis, Joel Bennett Rivers, Steven Hall Rivers, Nancy Lynn Rivers, the unknown heirs of Frederick J. Rivers, Carol Horne, Johnny Horne, Douglas Butler Averitte, Carlie Poe Averitte, Deborah Averitte Washburn, Jeromia Faircloth, Clifford Autry, James L. Autry, Wayne G. Nunnery, Albert Allen Nunnery, Peter John Nunnery, Sylvia Nunnery Toney as guardian for

Benjamin Joye Nunnery, Lisa Camille Nunnery Rawcliffe, Tamera J. Nunnery, S. Wesley Nunnery, Jr., E. Dewey Nunnery, Shannon Helmey, Katye Nunnery, Glenda A. Stewart, Daphine A. McLamb, Carl Dennis Autry, Benny Ray Autry, Kathy Bunce, Audrey Autry, Randall Autry, Carol Lott, Lora Crooks, Steven Clayton Wells, Andrew B. Wood as executor of the Estate of Grover P. Autry, Vincent Sova, Terry Sova, Ronald Sova, James W. Anderson, Wiley B. Autry, Sheria Johnson, Sandra Jean Hall a/k/a Sandra Jean Faircloth, the unknown heirs of Elma Autry, the unknown heirs of Mildred Draughon, the unknown heirs of Mary Alice Crumpler, the unknown heirs of James Thurman Autry, the unknown heirs of Romelia Hall Stanley, Amanda Jane Hall-Williams, Corey Jason Hall, Margie McAlphin Hall, Annostine B. Hall, Sheila A. Hall, Dwight L. Hall, J. Michael Hall, Adam T. Hall, Austin Matau, Carol Parham, Alton Lane Bullard, Bertie Nunnery Jessup, Peggy Nunnery Matthews, Terri Williams, Patricia C. Black, Mary Royal Brackett, Jean Black, Thomas Hardy Royal, Lester Jennings Royal, James Wyman Royal, Diane R. Royal, Mack C. Royal, Geraldine Dwyer Nicely, Mary Ellis Dwyer Cupps, the unknown heirs of Carl C. Culbreth, the unknown heirs of Earl Pittman Culbreth, the unknown heirs of Margaret Christine Atkins, Sherri Myres, Kathy Little, Nellie Brock Harrington, Bobby Gene Brock, Elizabeth Ann Brock a/k/a Elizabeth B. Srivastava, the trustees of the Agnes B. Brock Revocable Trust dated July 11, 2001, as restated on May 14, 2010, Granvel G. Beaney, L. Kelly Beaney, Emily J. Batis, Marie B. Loveland, R. Gerald Beaney, Judy B. Hair, the unknown heirs of Rossie D. Lansa, the unknown heirs of Catherine Elizabeth Warren, the unknown heirs of Grover Clayton Lockamy, Mary A. Gentry a/k/a Alener Davis, Jerry Davis, Freddie Davis, Thomas J. Davis, Larry R. Davis, Shirley A. Martin, Jerry A. Davis, Michael D. Davis, Karen Jean Davis, the unknown heirs of Iris B. Cassity, the unknown heirs of Theresa Mae Skalos, the unknown heirs of Jennie C. Davis, and the unknown heirs of Elwana Davis.

Defendants Jimmie N. Griffin, Jr. and Deborah N. Griffin appeared through counsel and answered the complaint, [DE 8], but have been dismissed by voluntary dismissal pursuant to Fed. R. Civ. P. 71.1(i)(1)(A) filed February 13, 2020. [DE 51]. Clerk's default was entered against the remaining defendants on August 2, 2019, and January 15, 2020. [DE 43 & 50].

*ACP v. 1.705 acres, more or less, in Johnston County, et al., No. 5:18-CV-387-BO*

The individual defendant, Constance Goodwin Boykin, has appeared in this action through counsel and answered the complaint. [DE 8]. In her answer, Boykin asserts that she is the sole owner of the subject property and admits paragraph two of the complaint, which alleges that:

> (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owner as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owner exceeds $3,000.

[DE 1 ¶ 2; DE 8 ¶ 2]. Boykin failed to respond to the motion for partial summary judgment.

*ACP v. 2.877 acres, more or less, in Johnston County, et al., No. 5:18-CV-427-BO*

Defendant Geoffrey A. Gordon has not appeared in this action and clerk's default was entered against him on August 2, 2019. [DE 17]. ACP filed an amended complaint on January 14, 2020. [DE 18]. Attached to the amended complaint are a notice of filing of amended complaint in condemnation [DE 18-6] and notice of use of notice of filing in lieu of summons pursuant to Fed. R. Civ. P. 71.1(d)(4). [DE 18-7]. The time for responding to the amended complaint has expired.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

7

56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted).

ACP seeks entry of partial summary judgment in its favor on the narrow issue of whether it is entitled to condemn the subject easements under the Natural Gas Act.[1] 15 U.S.C. § 717f(h). The Natural Gas Act (NGA) provides that

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f; *see also E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 821 (4th Cir. 2004) (Congress may grant condemnation power to "private corporations executing works in which the

---

[1] ACP has withdrawn its motions for preliminary injunction in which it sought immediate access to the easements.

8

public is interested.") (quoting *Mississippi & Rum River Boom Co. v. Patterson*, 98 U.S. 403, 406, (1878) (alteration omitted)). "In order to condemn a property interest, then, [a natural gas company] must prove three elements: (1) it is a holder of a certificate of public convenience and necessity; (2) the property to be condemned is necessary for the construction, operation, and maintenance of the pipelines at issue; and (3) that it has been unable to acquire the necessary property interest from the owner." *Columbia Gas Transmission Corp. v. An Easement to Construct, Operate, & Maintain a 24-inch Gas Transmission Pipeline Across Properties in Greene Cty.*, No. CIV. 3:07CV00028, 2007 WL 2220530, at *3 (W.D. Va. July 31, 2007).

ACP is an interstate natural gas company as defined by 15 U.S.C. § 717a(6). The record demonstrates and it is undisputed that ACP holds a certificate of public convenience and necessity issued by FERC on October 13, 2017. There is no evidence that FERC limited or conditioned ACP's eminent domain authority in its certificate, *see Mid Atl. Express, LLC v. Baltimore Cty., Md.*, 410 F. App'x 653, 657 (4th Cir. 2011) (dismissal for lack of subject matter jurisdiction required where FERC certificate expressly conditioned authority to condemn), and ACP has satisfied the first step of the inquiry.

ACP has further satisfied the second step of the inquiry, which asks whether the property to be condemned is necessary. All that ACP must show as to this element is "that the easements it seeks align with the FERC-approved route." *Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, & Maintain a Nat. Gas Pipeline Over Tracts of Land in Giles Cty., Craig Cty., Montgomery Cty., Roanoke Cty., Franklin Cty., & Pittsylvania Cty., Virginia*, No. 7:17-CV-00492, 2018 WL 648376, at *12 (W.D. Va. Jan. 31, 2018). ACP has proffered the FERC-approved route and the required easements it seeks, as well as the declarations of either the Project Director or Assistant Project Director which state that the pipeline route crosses either the subject property or

9

land adjoining the subject property. ACP has therefore demonstrated that the subject easements are necessary.

ACP has also satisfied the third step of the inquiry, which requires it to show that it has been unable to reach an agreement to acquire the necessary easements from the landowners. In each of the above-captioned cases, ACP has attempted to negotiate with the defendants and has been unable to reach an agreement. "All the Act requires is a showing that the plaintiff has been unable to acquire the property by contract or has been unable to agree with the owner of the property as to the compensation to be paid." *E. Tenn. Nat. Gas, LLC v. 1.28 Acres in Smyth Cty., Va.*, No. CIV.A. 1:06-CV-00022, 2006 WL 1133874, at *10 (W.D. Va. Apr. 26, 2006). ACP has submitted the declaration of its Land Agent who details the efforts made to settle its claim with the subject landowners. Only where an agreement could not be reached did ACP file a complaint in condemnation.

Finally, where landowner defendants are in default, ACP is entitled to an order confirming its right to condemn. *See Atl. Coast Pipeline, LLC v. 1.52 Acres, More or Less, in Nottoway Cty., Virginia*, No. 2:18-CV-00580-JAG, 2019 WL 6825417, at *4 (E.D. Va. Dec. 13, 2019).

## CONCLUSION

Accordingly, for the foregoing reasons, ACP's motions for partial summary judgment are GRANTED in the above-captioned cases. The issue of just compensation will be determined at a later date.

SO ORDERED, this __9__ day of March, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE